**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CRIMINAL ACTION NO. 4:03CR-35-M**

**UNITED STATES OF AMERICA**                                      **PLAINTIFF**

**V.**                                    **JURY INSTRUCTIONS**

**JACK E. HOWTON**                                              **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

## I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return

-- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The Defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The Defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the Defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the Defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

2

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

I need to explain something about proving a defendant's state of mind. Ordinarily,

there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind or intent can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into

consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by education and experience, have become experts in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept

it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## SEPARATE CONSIDERATION OF CHARGES

The defendant has been charged with different crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. In our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against the defendant on each charge, and to return a separate verdict for each one of them. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of a particular charge.

Your decision on any one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## DEFENDANT'S FAILURE TO TESTIFY

A defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. I will now explain the elements of the crimes that the defendant is accused of committing.

## II. RULES OF LAW

## INSTRUCTION NO. 1

### Count 1 – Conspiracy to Commit the Crime of Possession with Intent to Distribute Methamphetamine

Count 1 of the Second Superseding Indictment charges the defendant with conspiring to commit the crime of possession with intent to distribute methamphetamine, a controlled substance, from about August 1, 2003 to about September 23, 2003 in the Western District of Kentucky, Henderson County Kentucky and elsewhere, in violation of federal law.

It is a crime for two or more persons to conspire, or agree to commit a criminal act, even if they never actually achieve their goal. A conspiracy is a kind of criminal partnership. The elements necessary to prove a conspiracy count are as follows:

**First,** that two or more persons conspired, or agreed, to commit a crime. In this case, the crime alleged is the crime of possession with the intent to distribute of methamphetamine which is described in Instruction No. 2; and,

**Second,** that the defendant knowingly and voluntarily joined the conspiracy.

For you to find the defendant guilty of the conspiracy charge under Count 1, you must be convinced that the government has proven each of these elements beyond a reasonable doubt.

### Agreement

With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the

crime of possession with intent to distribute methamphetamine.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. At the same time, however, proof that people simply met together and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the Government has proven an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of possession with intent to distribute methamphetamine. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

### Defendant's Connection to the Conspiracy

If you are convinced beyond a reasonable doubt that there was a criminal agreement, then you must decide whether the government has proven that the defendant knowingly and voluntarily joined that agreement. To convict the defendant, the Government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the defendant knew everything about the conspiracy,

8

or everyone else involved, or that he was a member of it from the beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the Government has proved that the defendant joined a conspiracy. But without more they are not enough.

What the Government must prove is that the defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

The defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Now, other people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge the defendant with a conspiracy involving people whose names are

9

not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

## SPECIAL INTERROGATORY COUNT 1

If you find the Defendant guilty of the crime of conspiring to possess with intent to distribute  methamphetamine as charged in Count 1 of the indictment, then you must also determine the amount of methamphetamine involved in this crime.  You will be asked in a special verdict form to indicate if you believe from the evidence, beyond a reasonable doubt, that the amount of methamphetamine involved in this crime weighed 50 grams or more.

# INSTRUCTION NO. 2

## Count 2 – Attempted Possession with Intent to Distribute a Controlled Substance

Count 2 of the Second Superseding Indictment charges the defendant with attempting to commit the crime of possession with intent to distribute methamphetamine, a controlled substance, on or about and between August 1, 2003 and September 23, 2003, in the Western District of Kentucky, Henderson County Kentucky and elsewhere, in violation of federal law. Title 21, United States Code, § 841(a)(1) makes it a crime to knowingly or intentionally possess with intent to distribute a controlled substance.

A defendant may be found guilty of this crime, if the government has proved each and every one of the following elements beyond a reasonable doubt:

**First,** that the defendant knowingly and intentionally possessed methamphetamine;

**Second,** that the substance was methamphetamine; and

**Third,** that the defendant possessed methamphetamine with the intent to distribute it.

To "possess with the intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

For you to find the defendant guilty of an attempt to commit this crime as is charged in Count 2, you must be convinced that the government has proved all of the following elements beyond a reasonable doubt:

**First,** that the defendant intended to commit the crime of possession of a controlled substance, i.e. methamphetamine, with the intent to distribute it;

**Second,** that the defendant did some overt act that was a substantial step toward committing the crime of possession of a controlled substance with the intent to distribute it.

Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to commit the offense. But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## SPECIAL INTERROGATORY COUNT 2

If you find the Defendant guilty of the crime of attempting to possess with intent to distribute methamphetamine as charged in Count 2 of the indictment, then you must also determine the amount of methamphetamine involved in this crime. You will be asked in a special verdict form to indicate if you believe from the evidence, beyond a reasonable doubt, that the amount of methamphetamine involved in this crime weighed 50 grams or more.

12

## INSTRUCTION NO. 3

### Count 3 – Distribution of Methamphetamine

Count 3 of the Second Superseding Indictment charges the defendant, Jack Howton, with distributing a substance containing a detectible amount of methamphetamine, a controlled substance on or about June 16, 2003, in the Western District of Kentucky, Henderson County Kentucky, in violation of federal law.  Title 21, United States Code, § 841(a)(1) makes it a crime to knowingly or intentionally distribute a controlled substance.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First,** that the defendant knowingly and intentionally distributed a substance; and

**Second,** that the substance was in fact a mixture or substance containing a detectable amount of methamphetamine.

"Distribution" simply means to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 4

### Counts 5 and 6: Attempted Intimidation to Influence Testimony

Counts 5 and 6 of the Second Superseding Indictment charge the defendant with attempting to intimidate, threaten, or corruptly persuade persons in order to influence them to withhold court testimony on or about and between August 18, 2004 and October 22, 2004, in the Western District of Kentucky, Grayson County Kentucky, in violation of federal law. Title 18, United States Code, Section 1512(b)(2), makes it a crime for anyone knowingly to attempt to intimidate, threaten, or corruptly persuade another person with the intent to cause a person to withhold testimony from an official federal proceeding.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**First**, that the Defendant knowingly attempted to intimidate, threaten or corruptly persuade another person; and

**Second**, that the Defendant acted with intent to cause or influence that person to withhold testimony with respect to <u>United States v. Jack E. Howton</u>, an official proceeding.

Simply trying to persuade a person to withhold testimony is not enough to convict. What the government must prove is that the defendant knowingly attempted to intimidate, threaten, or corruptly persuade another person to withhold testimony. Conduct is "corrupt" when it is wrongful, immoral, depraved, or evil. The term "intimidate" means the use of any words or actions intended or designated to make another person timid or fearful or make that person refrain from doing something the person would otherwise do.

14

# INSTRUCTION NO. 5

## Possession – Defined

Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the methamphetamine as described in Count 1 and 2 of the Second Superseding Indictment. The law recognizes two kinds of possession — actual possession and constructive possession. Either of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the methamphetamine and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the methamphetamine and knew that he had this right, and that he intended to exercise physical control over the methamphetamine at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the methamphetamine, and knew that he did, for you to find him guilty of these crimes. This, of course, is all for you to decide.

One more thing about possession. The government does not have to prove that the

defendant was the only one who had possession of the methamphetamine. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The government must prove that the Defendant had either actual or constructive possession of the methamphetamine, and knew that he did, for you to find him guilty of this crime. This, again, is all for you to decide.

**INSTRUCTION NO. 6**

The word "knowingly," as that term has been used from time to time in these instructions means that the acts were done voluntarily and intentionally, not because of mistake or accident. The word "intentionally," as that term has been used from time to time in these instructions means that the acts were done deliberately and purposefully. In other words, the defendant's acts, if any, must have been the product of his conscious objective and plan, rather than the product of a mistake, accident or misunderstanding.

## INSTRUCTION NO. 7

## Impeachment of a Witness by Prior Conviction

You have heard the testimony of David Larkins and Reggie Lickey. You have also heard that before this trial they were convicted of a crime.

These earlier convictions were brought to your attention only as one way of helping you decide how believable their testimony was. Do not use it for any other purpose. It is not evidence of anything else.

## INSTRUCTION NO. 8

### Testimony of an Informer and Other Cooperating Witnesses

You have heard the testimony of Larry Watson and David Larkins. You have also heard that these witnesses received money or possible consideration from the government in their pending criminal charges in exchange for their providing information.

The use of paid informants is common and permissible. It is also permissible for the government to promise reduced criminal liability in exchange for providing information and cooperation. But you should consider these witnesses' testimony with more caution than the testimony of other witnesses. Consider whether these witnesses' testimony may have been influenced by what the government gave them. Do not convict the defendant based upon the unsupported testimony of such a witness, standing alone, unless you believe the testimony beyond a reasonable doubt.

# INSTRUCTION NO. 9

## Testimony of Law Enforcement Officers

You have heard the testimony of various law enforcement officials.  The fact that a witness may be employed by the federal or state government as a law enforcement official does not, at all, mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of ordinary witness.

At the same time, it is quite legitimate for a defense attorney to attack the credibility of law enforcement witnesses on the ground that their testimony may be colored by a personal or professional interest in the outcome of this case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.  The mere fact that a person is a law enforcement does not give you the right to give it anymore credence or believability than you would any other witness.

## INSTRUCTION NO. 10

### Other Acts of Defendant

You have heard testimony that the defendant committed crimes, acts and wrongs other than the ones charged in the Second Superseding Indictment.

If you find the defendant did those crimes, acts and wrongs, you can consider the evidence only as it relates to the government's claim on the defendant's intent or motive for the crimes charged in this indictment. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the crimes charged in the Second Superseding Indictment, not for any other acts. Do not return a guilty verdict unless the government proves the crimes charged in the  Second Superseding Indictment beyond a reasonable doubt.

## INSTRUCTION NO. 11

### Dates in the Indictment

The Indictment charges that crimes occurred "on or about" certain dates. Although the government does not have to prove with certainty the exact dates of the alleged offenses, the government must prove that the offenses were committed on dates reasonably near the dates alleged.

## INSTRUCTION NO. 12

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be. Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous. It must be based solely on the evidence and on the law as I have given it to you in these instructions.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some

24

point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

### RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open Court.

### COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell

anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached

a unanimous verdict or have been discharged.